Jacquelyn Hughes
2722 Third Avenue North, Ste. 400
Billings, MT  59101
(406) 855-4979
Email:  jhughes@hugheslawmt.com

Steve Harman
Harman Law Firm
2611 Minnesota Ave.
Billings, MT  59101
(406) 969-4498
Email:  steve@steveharmanlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BRANDY LENHART,<br><br>                Plaintiff,<br><br>vs.<br><br>DAVID ROHRER, M.D.<br><br>                Defendant. | Case No: _____<br><br>**COMPLAINT** |

Plaintiff Brandy Lenhart alleges:

FACTS COMMON TO ALL COUNTS

1

1. That Brandy Lenhart is a citizen of Murphy, Josephine County, Oregon.

2. That David Rohrer, M.D. is a citizen of Stephensville, Erath County, Texas. At all times relevant to this case, David Rohrer, M.D. was a Board Certified Surgeon, practicing gastric bypass surgery as an employee or agent of the Bariatric Institute in Great Falls, Montana.

3. That the amount in controversy is in excess of $75,000.00, exclusive of costs and interest.

4. Jurisdiction is proper given diverse citizenship of the parties and the amount in controversy under 28 U.S.C. §1332.

5. Venue is proper in this District inasmuch as all wrongful conduct alleged below occurred in the Great Falls, Cascade County, Montana, Division. 28 U.S.C. §1391(b)(2); L.R. 1.2(b)(3); L.R. 3.2.

6. Plaintiff Brandy Lenhart has complied with the provisions of the Montana Medical Legal Panel, §27-6-101 et.seq., M.C.A.

7. On May 22, 2014, Brandy underwent laparoscopic sleeve gastrectomy, which was performed by David Rohrer, M.D. at Benefis Hospital in Great Falls, Montana.

8. A sleeve gastrectomy is a surgical weight-loss procedure in which the stomach is reduced in size to about 15% of its original size by surgical removal of

a large portion of the stomach along the greater curvature. The procedure is irreversible.

9. The day after surgery a leak in the top part of the stomach sleeve was discovered. David Rohrer, M.D. returned Brandy to surgery to try to repair the leak with sutures. He also implanted a second drainage tube so that any further leakage and fluids would drain outside of the abdomen.

10. On May 27, 2014, an imaging study, performed with contrast dye, revealed that the dye was leaking out towards the drains and only a small amount was moving towards and through the stomach. This meant that as Brandy ate and drank, the food and fluids were largely expelled through the drains due to a leak at the esophageal junction with the remaining stomach.

11. At no time after May 23, 2014, after the leak was discovered, up to the time Brandy was discharged, did David Rohrer, M.D., order parenteral nutrition for Brandy. Throughout her hospitalization, David Rohrer, M.D. ordered nutrition be provided to Brandy enterally. In other words, Brand way obtaining nutrition orally (enterally) rather than parenterally (via feeding tube which passed the stomach).

12.     On May 29, 2014, Brandy was discharged from the hospital by David Rohrer, M.D.  David Rohrer, M.D. instructed Brandy to eat a "pureed/soft diet". David Rohrer, M.D. did not prescribe, instruct, or otherwise supplement or parenteral nutrition.  Brandy complied with the instructions and continued to obtain nutrition enterally.

13.     Following discharge from the hospital, Brandy complained to David Rohrer, M.D. of feeling ill, having difficulty breathing, dehydration, infection in the wounds around her drains, of seeing food and liquids coming out of the drains, and of difficulty in consuming food and drink.

14.     On June 16, 2014, Brandy was admitted to Benefis Hospital to address complaints of intractable nausea and dry heaves.  Her Jackson-Pratt (JP) drains were draining "grey thick matter".  She reported she could not eat or drink. During that admission Brandy underwent several endoscopic procedures that were intended to limit or close her leak, including placement of a metal clip over the leak and also placement of flexible metallic stents across the leak.  None of these procedures were successful in closing the leak.

15. On June 20, 2014, twenty-eight days after the leak was originally discovered, Brandy was prescribed parenteral nutrition to be administered through a PICC line.

16. After Brandy's discharge the leak and stricture persisted for nearly two years, despite several efforts to close the leak.

17. Finally, on February 11, 2016, Brandy underwent an open total gastrectomy with Roux-en-Y enteroenterostomy and esophagojejunostomy, which effectively bypassed the gastric sleeve. This surgery was performed by John Pender, M.D., at the Billings Clinic in Billings, Montana. This surgery finally stopped the gastric leaks.

18. Brandy still suffers from chronic gastric pain, chronic nausea, fatigue, dependence on pain pills and other maladies resulting from the failed sleeve gastrectomy performed by David Rohrer, M.D., on May 22, 2014. Brandy also was forced to give up her employment at Sam's Club. Her disabilities have prevented her from returning to work.

## COUNT 1 – NEGLIGENCE

19. David Rohrer, M.D. owed a duty to Brandy to act within an acceptable standard of care for a board certified surgeon under similar circumstances.

20. David Rohrer, M.D. breached this duty to Brandy by:

    (a) Discharging Brandy from the hospital with a known gastric staple line leak with instructions to follow an oral diet;

    (b) Discharging Brandy from the hospital with a known gastric staple line leak with no supplemental or parenteral nutrition;

    (c) Failing to recognize that Brandy was not tolerating an oral diet and failing to timely respond to her deteriorating physical condition knowing that she had a gastric leak.

21.    These violations of the standard of care constitute negligence which resulted in the stricture and recurrent abscess that led to the difficult and prolonged recovery from the leak that developed after the sleeve gastrectomy performed by David Rohrer, M.D.

## COUNT II – LOSS OF CHANCE

22.    By reason of the negligent failure of David Rohrer, M.D. to properly manage the gastric leak, Brandy lost an opportunity for a better outcome in which the leak would have been resolved earlier without the development of a stricture and recurrent abscess that led to the difficult and prolonged recovery she endured.

23.    That Montana's $250,00.00 cap on non-economic damages contained in Section 25-9-411 MCA is unconstitutional because it violates the Montana Constitution's guarantees of (1) the right to full legal redress (Art.II, Sec. 16); (2)

of the right to jury trial (Art. II, Sec. 26; (3) of her right to equal protection of the laws (Art II, Sec. 4); and (4) of the separation of powers (Art III, Sec. 1).

WHERERFORE, Brandy Lenhart prays for judgment against David Rohrer, M.D., in an amount of economic and non-economic damages to be determined at trial, together with interest, costs, and such other and further relief that the Court deems just.

DATED this 24th day of October, 2017.

>Jacquelyn Hughes
>2722 Third Avenue North, Ste. 400
>Billings, MT 59101
>
>Steve Harman
>Harman Law Firm
>2611 Minnesota Ave.
>Billings, MT 59101
>
>By: /s/ Jacquelyn Hughes
>
>Attorneys for Plaintiff